NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FEB 21 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

RODRIGO RIOS-GONZALEZ,

Petitioner,

v.

WILLIAM P. BARR, Attorney General,

Respondent.

No.  16-72266

Agency No. A200-964-064

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 19, 2019**

Before:     FERNANDEZ, SILVERMAN, and WATFORD, Circuit Judges.

Rodrigo Rios-Gonzalez, a native and citizen of Mexico, petitions pro se for

review of the Board of Immigration Appeals' decision dismissing his appeal from

an immigration judge's ("IJ") order denying cancellation of removal. We have

jurisdiction under 8 U.S.C. § 1252. We review de novo questions of law. *Cabantac*

---

*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**        The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*v. Holder*, 736 F.3d 787, 792 (9th Cir. 2013). We deny the petition for review.

The agency correctly determined Rios-Gonzalez's conviction for possession for sale of a controlled substance, specifically cocaine salt, under California Health and Safety Code ("CHSC") § 11351 is an aggravated felony. *See Lopez v. Sessions*, 901 F.3d 1071, 1075 (9th Cir. 2018) (using the modified categorical approach, court determined that a record of conviction reflecting a plea to CHSC § 11351 involving cocaine salt showed the alien had been convicted of an aggravated felony). As a result, he is ineligible for cancellation of removal. *See* 8 U.S.C. § 1229b(b)(1)(C).

Rios-Gonzalez's contention that he would be eligible for Federal First Offender Act status is not persuasive, where he was convicted for possession for sale of a controlled substance, and where the record does not indicate his petition to have his conviction dismissed was ultimately granted. *See Lopez*, 901 F.3d at 1075-76 (Federal First Offender exception did not apply to conviction under CHSC § 11351). We are also not persuaded by Rios-Gonzalez's contention that CHSC § 11351 punishes conduct not publishable by the federal equivalent.

Rios-Gonzalez's contention that the IJ erred in denying relief without securing the record of conviction is not supported, where the record of conviction is in the administrative record.

**PETITION FOR REVIEW DENIED.**

16-72266